UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-22682-CIV-COHN/WHITE

LAZARO CANTILLO,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING REPORT OF UNITED STATES MAGISTRATE JUDGE

**THIS CAUSE** is before the Court on the Report and Recommendation regarding Movant Lazaro Cantillo's Motion to Vacate sentence pursuant to 28 U.S.C. § 2255, submitted by United States Magistrate Judge Patrick A. White on June 21, 2006 [DE 14]. This Court had previously adopted the Report of the Magistrate Judge and denied Movant's Motion to Vacate Sentence without objections having been filed, but later, on October 11, 2006, vacated this Order due to a lack of access to the prison library to allow Movant to file objections. Thereafter, Movant filed Objections on December 19, 2006 [DE 23], which the Court now considers. Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Motion, Report and Recommendation, and the Movant's Objections, and is otherwise fully advised in the premises.

    Movant first objects to the Magistrate Judge's finding that his claim of ineffective assistance of counsel, based on counsel's failure to raise his claims of excessive force, is without merit. The basis of Movant's objection is that through a hearing, he could

have developed facts to support his claim of injuries and his argument that he could have achieved a better plea agreement.  However, as the Magistrate Judge explained, the evidence in the record provides no indication that Movant suffered from injuries as a result of excessive force by police officers, and indeed the evidence tends to indicate that he did not suffer such injuries.  Further, Movant's counsel did make use of these allegations during his trial, raising them in his closing argument before the jury.  Consequently, Movant is unable to show prejudice caused by counsel's alleged failure to pursue these allegations, and the Magistrate Judge properly found that this argument lacks merit.

Second, Movant objects to the Magistrate Judge's finding that his claim of ineffective assistance of counsel, based on counsel's failure to pursue arguments regarding the alleged unlawful tape recording of Movant's conversations in a police car, is without merit.  Movant argues generally that an evidentiary hearing would have allowed him to establish the prejudice caused to him.  However, as a matter of law, the tape recording of conversations between Movant and his co-conspirators in the back of a police car did not violate the Movant's rights, so an argument for suppression of the statements on those grounds would necessarily have failed, and Movant therefore cannot show prejudice.  See United States v. Gunn, 369 F.3d 1229, 1237 (11th Cir. 2004).  Thus, the Magistrate Judge properly found that this argument lacks merit.

Third, Movant objects to the Magistrate Judge's finding that his claim of ineffective assistance of counsel, based on counsel's failure to investigate his criminal history and advise him accordingly, is without merit.  Movant argues that the evidence cited by the Magistrate Judge is not adequate to support a finding that the Movant

understood the implications of his criminal history.  However, in his Report and Recommendation, the Magistrate Judge detailed the evidence in the record supporting the conclusion that Movant's counsel fully advised him of the ramifications of proceeding to trial and attempted to secure the best possible outcome for Movant, given his criminal history.  Given this evidence, this Court concurs with the Magistrate Judge in finding no prejudice caused to the Movant by his counsel's actions, and finds that this argument is without merit.

Fourth, Movant objects to the Magistrate Judge's finding that his claim of ineffective assistance of counsel, based on counsel's failure to adequately pursue an entrapment defense, is without merit.  Movant argues in his Objections that this factual question is disputed, and as such, a hearing is required to develop a record on which to base a proper evaluation of Movant's claim.  However, the record in this case establishes that defense counsel requested a jury instruction on entrapment, which was denied by the court, and the denial was affirmed on direct appeal.  Further, as the Magistrate Judge stated, Movant has failed to proffer what more his counsel should have done in this regard, making only conclusory allegations that an adequate entrapment defense was not presented.  Simply asserting a claim of ineffective assistance of counsel is not enough to warrant a hearing.  The Court is not required to grant a hearing on "patently frivolous claims or those which are based upon unsupported generalizations."  Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citing Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979).  The record directly contradicts any assertion that Movant's counsel failed to raise entrapment as a defense, and Movant has failed to make any additional allegations as to what prejudice

was caused by his counsel's actions. Accordingly, Movant's argument that he should have been allowed a hearing to further develop this issue is without merit.

Fifth, the Movant objects to the Magistrate Judge's finding that his claim for ineffective assistance of counsel, based on counsel's alleged failure to request a special verdict instruction or lesser included offense instruction, is without merit. Movant concedes that his counsel successfully requested a lesser included instruction which would have allowed the jury to find him guilty of attempted possession of a lesser quantity of drugs. However, Movant argues in his Objections that counsel should have requested a lesser included instruction on entrapment, and his failure to do so constituted ineffective assistance of counsel. Such a failure could only constitute ineffective assistance if it prejudiced the Movant, however, and the Eleventh Circuit held on direct appeal that the Movant had failed to present sufficient evidence to raise the entrapment defense. This Court cannot see how counsel's failure to request a jury instruction on a meritless defense could have prejudiced the Movant, and as such, finds that Movant's argument is without merit.

Sixth, the Movant objects to the Magistrate Judge's finding that his claim for ineffective assistance of counsel, based on counsel's alleged failure to object to the enhancement in sentence based on prior convictions, is without merit. Movant has two prior convictions upon which the enhancement in sentence was based. In his Petition, he raised only the issue of his second prior conviction for burglary of a dwelling, arguing that it should not have been considered a crime of violence for purposes of sentence enhancement, and that counsel should have objected on these grounds. However, as the Magistrate Judge indicated, the Eleventh Circuit has held that burglary of a dwelling

is a crime of violence for purposes of enhancement under the career offender provisions of the Sentencing Guidelines.  United States v. Spell, 44 F.3d 936, 937-38 (11th Cir. 1995).  The plain language of the Guidelines provides no indication that sentencing courts should look beyond the conviction itself and inquire into whether the dwelling was inhabited; indeed, "the ability to 'look behind' state convictions in a federal sentencing proceeding is very limited."  Spell, 44 F.3d at 939.  Accordingly, this Court cannot conclude that Movant was prejudiced by any failure to object on the grounds that his sentence was improperly based on this prior conviction for burglary of a dwelling.

Movant also argues that his prior conviction for throwing a missile should not have been used to enhance his sentence because he plead nolo contendre in that case.  The Court notes that this is the first time Movant has raised this argument, and that in failing to raise it in his original Motion to Vacate Sentence, he may well have waived it.  Regardless, the Sentencing Guidelines clearly state that the term "prior sentence" means a sentence "imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendre."  U.S. Sentencing Guidelines Manual §4A1.2(a).  Accordingly, the Court finds that Movant's arguments on this point are without merit.

Finally, Movant objects to the Magistrate Judge's finding that he is entitled to no relief on his claim that his sentence was enhanced based on facts neither charged in the indictment nor proven beyond a reasonable doubt to the jury.  As the Magistrate Judge noted, Blakely and its progeny do not apply retroactively to §2255 cases on collateral review.  See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005).  Blakely and Booker were decided after Movant was sentenced.  Movant argues in his

5

Objections that quantity is a critical element of the offense in an aggravated drug offense, per the Eleventh Circuit's holding in United States v. Alvarez, 735 F.2d 461 (11th Cir. 1984).  However, quantity is not the element Movant alleged had not been properly proven in his original Motion, and this is the first time Movant has raised this argument.  The third claim in the original Motion, rather, asserts that the sentence enhancements for his role as leader of the conspiracy and his career offender status were improper, as these facts were not determined by the jury.  These are issues upon which Alvarez has no bearing, and the Magistrate Judge was correct in finding that Movant's final claim lacks merit.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge Patrick A. White [DE 14] is hereby **ADOPTED**.
2. Movant Lazaro Cantillo's Motion to Vacate sentence [DE 1] is **DENIED**.
3. The Clerk of Court is hereby directed to **CLOSE** this case.  All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of January, 2007.

JAMES I. COHN
United States District Judge

Copies provided to:

Lazaro Cantillo, pro se
    Reg. No. 67173-004
    Federal Detention Center - USP
    P.O. Box 1033
    Coleman, FL 33521

David A. Haimes, AUSA
Anne Ruth Schultz, AUSA